

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*401 Market Street, 4th Floor*     *(856) 757-5026*
*P.O. Box 2098*     *Fax: (856) 968-4917*
*Camden, New Jersey 08101*

William E. Fitzpatrick
Assistant U.S. Attorney

September 27, 2005

**FILED**

MAY 0 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dani Jahn, Esquire
Office of Federal Public Defender
625 Indiana Avenue, NW
Washington, DC 20015

    Re: <u>Plea Agreement with Rickey Coble</u>

*CR: 06-110 (ESH)*

Dear Ms. Jahn:

    This letter sets forth the plea agreement between your client, RICKEY COBLE, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from RICKEY COBLE to one-count information, which charges one count of escape from the custody of the Attorney General of the United States, in violation of 18 United States Code, Sections 751(a) and 4082(a). If RICKEY COBLE enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against RICKEY COBLE relating to his escape from the custody of the Attorney General of the United States at FCI Fairton, Fairton, New Jersey, and his failure to report to a halfway house at Bannum Community Corrections Center in Washington, D.C. on or about June 15, 2005. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by RICKEY COBLE may be commenced against him, notwithstanding the expiration of the limitations period after RICKEY COBLE signs the agreement. RICKEY COBLE agrees to waive any statute of limitations with respect to any crime that would otherwise expire after RICKEY COBLE signs the agreement.

Sentencing

       The violation of 18 U.S.C. §§ 751(a) and 4082(a) to which RICKEY COBLE agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000;(2)or twice the gross amount of any pecuniary gain that any persons derived from the offense; or(3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

       The sentence to be imposed upon RICKEY COBLE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence RICKEY COBLE ultimately will receive.

       Further, in addition to imposing any other penalty on RICKEY COBLE, the sentencing judge: (1) will order RICKEY COBLE to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order RICKEY COBLE to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order RICKEY COBLE, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) pursuant to 18 U.S.C. § 3583, may require RICKEY COBLE to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should RICKEY COBLE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, RICKEY COBLE may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

       Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on RICKEY COBLE by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and

the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of RICKEY COBLE's activities and relevant conduct with respect to this case.

Stipulations

This Office and RICKEY COBLE agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or RICKEY COBLE from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and RICKEY COBLE waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Rights of this Office Regarding Post-Sentencing Proceedings

This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against RICKEY COBLE. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or third party from initiating or prosecuting any civil proceeding against RICKEY COBLE.

No Other Promises

This agreement constitutes the plea agreement between RICKEY COBLE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: RENÉE M. BUMB
Assistant U.S. Attorney

APPROVED:

LEE A. SOLOMON
Deputy U.S. Attorney

- 4 -

       I have received this letter from my attorney, DANI JAHN, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____    Date: 12/1/05
RICKEY COBLE

_____    Date: 12/1/05
DANI JAHN, Esq.