FILED
MAY 0 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plea Agreement With RICKEY COBLE

Schedule A

1. This Office and RICKEY COBLE recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and RICKEY COBLE nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence RICKEY COBLE within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and RICKEY COBLE further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2004 applies in this case. The applicable guideline is U.S.S.G. § 2P1.1. This guideline carries a Base Offense Level of 13. Because the defendant escaped from the non-secure custody of a "halfway house" or similar facility, the offense level is decreased by 4 levels pursuant to U.S.S.G. § 2P1.1(b)(3).

3. As of the date of this letter, RICKEY COBLE has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if RICKEY COBLE's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

4. In accordance with the above, the parties agree that the total Guidelines offense level applicable to RICKEY COBLE is 7 (the "agreed total Guidelines offense level").

5. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 7 is reasonable.

6. RICKEY COBLE knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total

Guidelines offense level of 7. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 7. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

7. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

- 7 -