UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Cr. No. 06-110 (ESH) |
| | : | |
| **RICKEY COBLE,** | : | |
| | : | |
| **Defendant** | : | |

## SENTENCING MEMORANDUM

On May 1, 2006, Mr. Rickey Coble, the defendant, pled guilty to a one count Information charging him with Escape, in violation of 18 U.S.C. § 751(a) and 4082(a). He will appear before this Honorable Court for sentencing on July 27, 2006. Mr. Coble, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

### Background

Mr. Coble is forty eight years old and has been a life-long resident of the metropolitan, Washington, D.C. area. On June 15, 2005, Mr. Coble was to report to the a Community Correction Center, a halfway house located at 2210 Adams Place, N.E., Washington, D.C., which is currently no longer in operation. Mr. Coble was being released from the Federal Correctional Institute at Fairton, New Jersey to begin his halfway house placement in Washington, D.C. Mr. Coble did not report to the halfway house as instructed and on June 20, 2005, an arrest warrant was issued from the United States District Court for the District of New Jersey. On July 11, 2005, Mr. Coble was arrested in Washington, D.C.

Immediately upon his arrest, Mr. Coble indicted his desire to plea guilty in this case and

have this case transferred to the District of Columbia. Undersigned counsel worked with Assistant United States Attorney, Renee Bumb, from the District of New Jersey office to secure a plea agreement in this case before the case was ultimately transferred to the District Court for the District of Columbia pursuant to Rule 20 of the Federal Rules of Criminal Procedure. The Rule 20 paperwork was completed in December 2005, however, for unknown reasons, the paperwork was not received by the Clerk's Office in the District Court for the District of Columbia. The Rule 20 paperwork was then re-sent and received by the Clerk's Office in the District Court for the District of Columbia in March 2006, and ultimately this case was assigned to this Court. On May 1, 2006, Mr. Coble pled guilty to the one count Information before Magistrate Judge Alan Kay.

## **Argument**

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of imprisonment of 15 to 21 months. See PSR, ¶ 82, pg. 20. There are no disputes to this calculation. Therefore, Mr. Coble requests that he be sentenced to the low end of the guidelines, 15 months.

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support Mr. Coble's request that he be sentenced to the low end of the calculated guideline range. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence

disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence at the low end of the guideline range - 15 months - would be warranted in this matter, and that a sentence of imprisonment exceeding the low end of the Guideline range would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2). The Court should consider Mr. Coble's family history, substance abuse, and his early decision to plead

guilty in this case.

Sentencing Mr. Coble to a term of 15 months imprisonment is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Coble with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Mr. Coble respectfully submits that a sentence of 15 months incarceration - the low end of the calculated guideline range - is adequate to promote the relevant sentencing objectives at issue in this case.


                                             Respectfully submitted,

                                             __/s/_____
                                             Danielle C. Jahn
                                             Assistant Federal Public Defender
                                             625 Indiana Avenue, N.W., Ste. 550
                                             Washington, D.C.  20004
                                             (202) 208-7500